UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARK LONGGREAR** | : | **DOCKET NO. 2:22-cv-05193** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **RODNEY MYERS** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Mark Longgrear on September 2, 2022. Doc. 1. At the time of filing, Longgrear was an inmate in the custody of the Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons set forth below, **IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

**I.**
**BACKGROUND**

Longgrear filed the instant petition alleging that the Bureau of Prisons ("BOP") failed to award him time credits to which he was entitled under the First Step Act ("FSA"). Petitioner claimed that the BOP should have credited him for his participation in various training programs, and that application of said credits would render him eligible for immediate release pursuant to the

FSA. On February 14, 2023, the Bureau of Prisons released plaintiff from federal custody *See* doc. 11, att. 1, Declaration of James McCollough.

## II.
## LAW & APPLICATION

Petitioner was in the custody of the BOP when he filed this petition. While in BOP custody, he earned a total of 515 FSA Time Credits, of which 365 were eligible to be applied towards early release. *See* doc. 1, att. 1, p. 3-4, FSA Time Credit Assessment. However, due to a criminal detainer that was filed by the State of Mississippi, petitioner's FSA Time Credits were not applied to his sentence prior the recent change in BOP policy. *Id.* at pp. 8-9, Detainer. On February 11, 2023, BOP recalculated petitioner's sentence, taking into account applied FSA Time Credits. *Id.* at pp. 3-4; *see also* pp. 10-11, Public Information. As a result, petitioner became eligible for release to the State of Mississippi pursuant to the pending detainer.

On February 14, 2023, Petitioner was released from BOP custody, and transferred to the custody of the State of Mississippi. *See* doc. 11, att. 1, Declaration of James McCollough.

Although petitioner was in the custody of the BOP when he filed this petition, he was released and transferred from FCIO based upon BOP's application of FSA Time Credits toward petitioner's early release. In this case, early release for petitioner meant transfer to a jurisdiction in which a criminal detainer was pending. In any event, his release from federal custody rendered his habeas action moot. *See, e.g., Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987 (dismissing a § 2241 petition as moot following release where "the thrust of [the] petition is to be released from his confinement"); *Aldaco v. Nash*, 693 F. App'x 336, 337 (5th Cir. 2017) (per curiam) (unpublished) (§ 2241 petition seeking immediate release because BOP failed to properly credit petitioner's sentence was mooted by his release); *United States v. Boston*, 419 F. App'x 505,

506 (5th Cir. 2011) (per curiam) (unpublished) ("If the only relief sought by an appellant cannot be granted, the case is moot.")).

An action is moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor,* 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke,* 150 Fed. Appx. 329, 331 (5th Cir. 2005) (citation omitted).

As the government argues, the fact that the petitioner is presumably now incarcerated by the State of Mississippi is of no consequence to the disposition of this action. Petitioner's habeas petition is moot, "notwithstanding [his] continued supervision, because there [is] no longer a live case or controversy for which any relief could be granted." *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021).

### III.
#### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond

to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 8th day of June, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE